SCRANTOM *vs.* BOOTH.

Where there is no express agreement, between landlord and tenant, as to the price to be paid by the latter for the use and occupation of premises, the landlord should be allowed what the use of the premises is reasonably worth. The fact that a conversation has taken place between the parties, in which both parties supposed an agreement was made as to the amount of rent to be paid, will not prevent the landlord from recovering upon an implied agreement, where it appears that the parties *differed* in their understanding of the amount to be paid.

APPEAL by the plaintiff from a judgment entered on the report of a referee. The action was brought to recover for the defendant's use and occupation of a portion of the plaintiff's building, being a store, situated on the west side of Buffalo street in the city of Rochester. It appeared that the defendant was a jeweler and watch repairer by occupation,

and the building had two front windows prepared for carrying on that business. For several years prior to September, 1848, the defendant had occupied the east of these windows, and had paid the plaintiff therefor one dollar per week, the parties rendering mutual services for each other while the defendant so occupied said window. In October, 1849, the plaintiff and defendant made another agreement, by which the defendant was to have the west window, and in return therefor was to teach the plaintiff's son the trade of a jeweler and watch repairing; the parties to assist each other in their business. The parties went on under this agreement about six weeks, when it was broken up; the son abandoning the project of learning said trade; whereupon an agreement was made between the parties, that the defendant should pay the plaintiff for the use of the west window $2 per week; that this arrangement continued about four weeks, when another arrangement was entered into between the parties, by which the defendant changed to the east window, and continued to occupy it for the period of 174 weeks, or down to May 1st, 1853, when he left. There was, at the time of making the last arrangement, a misunderstanding between the parties in reference to the price to be paid by the defendant for the use of the east window. There was reference to a former agreement for the price; the plaintiff understanding the reference to be to the previous four weeks' use of the east window at $2 per week, and the defendant understanding the reference to be to the previous occupancy of the said east window at $1 per week. The defendant, during the time he so occupied the east window under the last arrangement, made semi-annual payments of rent of $25 each, in cash, and one gold watch on the same account, amounting in value to the sum of $30; the whole amount of payments so made being $180. The parties were, during the entire period of the defendant's occupancy of said window, to perform mutual services for each other.

The foregoing facts were found by the referee before whom the action was tried. As a conclusion of law, he found that

the defendant could not be made liable for his occupancy of said window, beyond the amount of one dollar per week, stating the demands of the parties, as established before him by the evidence, as follows : That the plaintiff was entitled to recover

| | | |
|---|---|---|
| For 174 weeks' use of the premises at $1 per week, | $174 00 | |
| For 4 weeks' use of premises at $2 | " | 8 00 |
| | | $182 00 |
| The defendant to be allowed, cash paid, $150 00 | | |
| " " gold watch, 30 00——180 00 | | |
| And found due the plaintiff | | $2 00 |

Upon which report judgment was entered. There were other facts in evidence, as shown by the case, which are sufficiently referred to in the opinion of the court.

The plaintiff appealed.

*E. A. Hopkins,* for the appellant.

*J. W. Stebbins,* for the respondent.

*By the Court,* WELLES, J. The referee reports, in substance, that as to the price to be paid by the defendant to the plaintiff for the use of the east window, there was no express agreement between the parties. His finding on that subject is, that there was a misunderstanding between them; the defendant supposing he was to pay the same price he had formerly paid for the use of that window, which was one dollar per week, and the plaintiff, that the price was to be what the defendant had then lately agreed to pay him for the use of the west window, which was two dollars a week. There was therefore no express agreement between them on the subject of the price of the east window. There was wanting the essential ingredient of an agreement, the coming together and mutual assent of the minds of the parties on the subject of a particular price.

· Under such circumstances the plaintiff should have been allowed what the use of the window in question was proved to have been reasonably worth. It is possible the referee would have found from the evidence that $1 per week was all that it was reasonably worth, provided he had passed upon that question; or it might have been more or less. But he has not passed upon that question, although much evidence was given on the subject, by both parties. The referee has allowed the plaintiff only $1 a week, upon the ground that as the defendant understood the contract, that was the price agreed upon; although the plaintiff had in fact agreed to no such thing, but supposed the defendant had agreed to pay him $2 a week.

The referee seems to have supposed there was no other standard, or measure of allowance, than the amount which was in the mind of the parties, or one of them, at the time the agreement was made, and that the defendant could not be made liable beyond the price which he understood it was agreed he was to pay; that the plaintiff could not recover upon an implied agreement as to the price, because the evidence showed that both parties understood there was a price agreed upon, and because, as the referee supposed, the law would not imply a promise different from the understanding of either of the parties; which promise the evidence shows was never made, and which might compel the defendant to pay more than the plaintiff, or less than the defendant expected. In this, we think, the referee erred. Assuming, as the referee has found, that there was no agreement as to the price, it was the duty of the defendant to pay what the premises were reasonably worth during the time he enjoyed the use of them; and the law will imply a promise by the defendant to discharge such duty by paying what the use of the premises was worth. Where a valid express agreement is proved, none is ever implied, because the express promise supersedes the necessity of an implied one. It is only where there is no express agreement which can be enforced, that the law will imply one;

Scrantom *v.* Booth.

that is, will impute a promise, or intend that one was made. And such implication will always exist where equity and justice requires the party to do the thing in question, even though it expressly appears that he never actually made the promise or agreement which by such implication the law attributes to him; but on the contrary, always repudiated his liability and refused to promise.

The judgment should therefore be reversed, and a new trial granted before the same referee, with costs to abide the event.

If, upon another trial, the referee should find there was no express agreement between the parties, as to the price the defendant was to pay for the use of the east window, then he should find from the evidence what such use was reasonably worth, and allow the plaintiff accordingly.

In regard to the difficulty suggested by the referee, that the evidence might lead to the conclusion that such use was worth less than the defendant or more than the plaintiff understood was settled by the contract, I do not see that he can properly attach any importance to what either party expected, or understood was provided in the contract, inasmuch as the idea of a contract price is to be laid out of view; the evidence, on this hypothesis, wholly failing to prove an agreement.

Judgment reversed.

[MONROE GENERAL TERM, March 7, 1859.   *Welles, Smith* and *Johnson,* Justices.]