·Ballard *v.* Trow's Printing and ·Book Publishing Co.

# New York Marine Court.

## Trial Term—December 8, 1879.

## STEPHEN BALLARD, ET AL., *against* TROW'S PRINTING AND BOOK PUBLISHING CO.

There is· no contract unless the parties thereto assent to the same thing in the same sense. A misunderstanding as to price lacks every ingredient of a contract, which must be founded on the mutual assent of the parties to it.

Trial by the court without a jury.

The defendants sent their engineer to the plaintiffs to ascertain what a particular size of leather belting would cost. The engineer saw Mr. Dodge, the plaintiffs' salesman, who looked at the price list, and then put upon a blank card the figures 242 as the rate per foot the plaintiffs were charging for the size inquired about. The engineer took this card away and subsequently returned with a written order from the defendants in these words : "Please send by bearer 30 feet double belt 10 inches wide, 54 feet double belt, 12 inches wide, and charge the same to our account." It will be observed that nothing is said in the order about an agreed price, and no reference is made to the card or the figures upon it. Nothing was said by the engineer about a contract or a contract price, nor was any reference made to the card at the time the order was given. The belting was delivered by the plaintiffs under the belief that the sale was at the trade list rate. The defendants, on the other hand, received the belting under the belief that it was to be charged for at the rate per foot indicated upon the card. After the sale the plaintiffs sent a. bill for the belting to the defendants, on which was charged the trade list price (less the discount). The defendants then produced the card and refused to pay more than

Ballard *v.* Trow's Printing and Book Publishing Co.

at the rate of 242, the price thereon indicated.   It then transpired that these figures were the result of a miscalculation.   Both parties have been acting throughout under the honest belief that their view of the transaction is correct, and are now litigating the action to have the controversy determined.   The question presented is whether, under the circumstances, there was a valid contract as to price.

*Olin, Rives & Montgomery,* for plaintiffs.

*R. J. Moses,* for defendants.

McADAM, J.—There is no contract unless the parties thereto assent ; and they must assent to the same thing in the same sense ; in other words, the obligation in all its parts must be mutual (1 *Parsons on Contracts,* 6 ed. 475).   Thus, where shingles were sold and delivered at $3.25, but there was a dispute whether the $3.25 was for a bunch or for a thousand, it was held, that unless both parties had understandingly assented to one of these views, there was no special contract as to price (Greene *v.* Bateman, 2 *Woodb. & M.* 359).   And the same principle was applied to rent agreed to be paid under an oral demise of tenements (Scranton *v.* Booth, 29 *Barb.* 171).   In the case just cited the parties supposed that they had arrived at an agreement as to the amount of rent to be charged, but it transpired afterwards that they had misunderstood one another, and Judge WELLES remarked that "there was wanting the essential ingredient of an agreement, the coming together and mutual assent of the minds of the parties on the subject of a particular price," and held that there was consequently no contract as to price, and the plaintiff was therefore allowed to recover the reasonable rental value of the premises.

Tested by these rules, it is clear that the facts proved fail to establish a contract between the parties as to price.   No contract was made when the

card was given to the engineer, nor until the defendants sent their written order for the belting. Upon the receipt of this order, and the delivery of the belting thereunder, the contract of sale was completed. No reference up to this time had been made to the card containing the figures 242, nor had any allusion been made to a contract price. If such a thing had been suggested, the error might and probably would have been detected before the sale was consummated. There being no mutual contract as to price, and no equitable estoppel in regard thereto, it follows that the plaintiffs are entitled to the reasonable value of the belting, which, upon the evidence, is the price set forth in the trade list.

Having arrived at this conclusion, it is unnecessary to pass upon the question of tender, which under this finding was insufficient in amount, whether otherwise good or not.

The plaintiffs are, therefore, entitled to judgment for $130, the reasonable value of the belting, with accrued interest thereon.